[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] The following is an amended Decision in the above entitled matter, due to typographical errors in the original Decision filed on February 11, 2004. DECISION
The defendant has moved for judgment of acquittal on all four counts in the indictment.
The first two counts charge that the defendant committed first degree sexual assault (digital penetration) through the use of force and/or coercion. The victim testified, as to the first count, that she was sleeping on a cot and "felt someone's hand reach underneath [her] underpants and put their fingers inside of [her]." (Tr. at 27-28). When asked what she did at that point, she responded that she "woke up" and "immediately moved away" and then "it happened again." (Tr. 28).
As to this charge it is essential that the state prove the element of "force or coercion" beyond a reasonable doubt. The statutory scheme contemplates factual scenarios in which penetration alone does suffice to constitute first degree sexual assault, e.g., overcoming the victim through the element of surprise, or the taking advantage of a physically helpless victim. This is not the case here. Furthermore, it is essential that the force exerted (or the threat of its use) occur before the penetration. State v. Jacques, 536 A.2d 535 (1988).
In Jacques, the State had argued that the force sufficient to accomplish penetration may constitute sufficient force to support a conviction for sexual assault. Citing State v. Babbitt,457 A.2d 1049 (R.I. 1983), our Supreme Court stated that every element needed to prove rape under the common law must also be proved under the sexual-assault statute. Without question, proof of overcoming the victim's resistance by force, fear, or other prohibited conditions was required under common law. See alsoState v. Golden, 430 A.2d 433, 435 (R.I. 1981). As to Count 1, proof is lacking as to the application of physical force or physical violence before and beyond the force required to accomplish the act. Therefore, as to Count 1, the defendant's motion for judgment of acquittal must be granted.
As to Count Two, the victim testified that after she woke up, following the "Count 1 incident" she "immediately moved away to the — sort of far away from that person as possible . . . and then it happened again." (Tr. 28). After the second penetration the victim "got up and . . . walked into the bathroom." (Tr. 28).
In Jacques, the Supreme Court cited the act of "squirming away" as a form of resistance. (The victim in that case was also screaming and crying — which is not the case here). In State v.Gooding, 560 A.2d 318 (R.I. 1989), "pulling away" from the predator was considered by the Court to be a reasonable form of resistance. (There the victim was the 15 year old student of the defendant teacher, distinguishing that factual scenario from the scenario under discussion).
As to Count 3, the victim testified that while she was lying on the bathroom floor it "felt like" (from behind) that the defendant was trying to put his penis into her. (Tr. 34). Her resistance to this advance was again to "move away" and to "elbow" the defendant, pushing behind her with her hand (Tr. 34). After five or ten minutes, the defendant returned to the bathroom, knelt down behind the victim, and put his hand on her left breast. (Count 4) (Tr. 36). The victim then "scrunched up her face . . . trying to look angry" and remembers "pushing him away." During none of the assaults were words exchanged between the defendant and the victim. The four acts occurred in utter and total silence. The only statement attributed to the defendant was the phrase "you're freaking me out," uttered when he approached the bathroom, where the victim was sleeping in her makeshift bed.
In ruling on a motion for judgment of acquittal, the Court is required to view all inferences in the light most favorable to the State. Theoretically, a jury could regard the squirming, pushing, and moving away of the victim as reasonable resistance. Although an observer could also consider the behavior of this educated, bright, self-reliant, composed woman to be inexplicably timorous, such an inference cannot be made at this juncture.
Therefore, as to Counts Two, Three and Four, it would be within the province of the jury to determine whether the victim's resistance was feeble and ineffectual or, in fact, based upon the evidence, reasonable under all of the circumstances.
Thus, the defendant's motion is granted as to Count One, and denied as to Counts Two, Three, and Four.